# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 13, 2025

```
* * * * * * * * * * * * * * * * * * * * * * * *
ALAN LIEN,                              *       No. 21-2006V
                                        *
              Petitioner,               *       Special Master Young
                                        *
v.                                      *
                                        *
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
              Respondent.               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Randall G. Knutson,* Knutson & Casey Law Firm, Mankato, MN, for Petitioner
*Felicia Langel,* United States Department of Justice, Washington, DC, for Respondent

### DECISION AWARDING INTERIM AND FINAL ATTORNEYS' FEES AND COSTS[1]

On May 30, 2024, Alan Lien ("Petitioner") filed a motion for interim attorneys' fees and costs, requesting a total of **$61,385.15**. Pet'r's Mot. Int. Att'ys' Fees & Costs, ECF No. 44. This amount consists of $52,462.75 in fees and $8,922.40 in expenses. *Id.* On May 31, 2024, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 45. In his response, Respondent stated that he would "defer[] to the special master to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award." *Id.* at 2. On March 25, 2025, Petitioner filed a motion for final attorneys' fees and costs, requesting a total of **$12,395.81.** Pet'r's Mot. Att'ys' Fees & Costs, ECF No. 63. This amount consists of $12,131.50 in fees and $264.31 in costs. *Id.* Respondent filed his response on March 26, 2025, "request[ing] that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp., ECF No. 64. These motions remain pending and shall be addressed herein. For the reasons stated below, I will award interim and final attorneys' fees and costs for Petitioner's counsel at this time.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

I.      **Procedural History**

On October 12, 2021, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[2] 42 U.S.C. §§ 300aa-1 to -34 (2018); Pet., ECF No. 1. Petitioner alleged that an influenza ("flu") vaccine administered on October 22, 2019, caused him to suffer from encephalitis, encephalomyelitis, and vestibular neuronitis. *Id.* at 1.

Petitioner filed nine exhibits and his statement of completion on October 13, 2021. ECF Nos. 6–7. On August 26, 2022, Respondent filed his Rule 4(c) Report. Resp't's Report, ECF No. 15. In his report, Respondent stated that Petitioner was "entitled to compensation for his Guillain-Barré Syndrome ('GBS')." *Id.* at 1. I issued a Ruling on Entitlement on February 14, 2023, finding Petitioner entitled to compensation. ECF No. 16. The case then transitioned to the damages phase. ECF No. 17.

On March 9, 2023, Petitioner filed medical records, a portable storage disc, and his statement of completion. ECF Nos. 18–20. Petitioner continued to file medical records on April 12, 2023, and September 21, 2023. ECF Nos. 23, 27. This case was referred to alternative dispute resolution ("ADR") with Special Master Dorsey on January 5, 2024. ECF No. 31.

An expert report from Michael S. Tague, M.P.T., D.P.T., C.L.T., was filed by Petitioner on March 14, 2024. ECF No. 36. Petitioner continued to file exhibits on April 2, 2024, April 23, 2024, and May 29, 2024. ECF Nos. 37, 40, 43. Petitioner filed a motion for interim attorneys' fees and costs on May 30, 2024, and Respondent filed his response the next day. ECF Nos. 44–45.

Petitioner filed an expert report from Beth Ann Staab, M.D., on July 1, 2024. ECF No. 47. Petitioner continued to file exhibits and medical literature on July 5, 2024, July 25, 2024, and November 18, 2024. ECF Nos. 48–49, 52.

ADR proceedings concluded on January 7, 2025. ECF No. 54. A decision based on stipulation was issued on March 13, 2025. ECF No. 59. Petitioner filed a motion for final attorneys' fees and costs on March 25, 2025, and Respondent filed his response the next day. ECF Nos. 63–64. This matter is now ripe for consideration.

II.     **Good Faith and Reasonable Basis**

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1) (2018). Respondent does not object to Petitioner's motions on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of fees and costs are met.

III.    **Reasonable Attorneys' Fees and Costs**

---

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1338 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate…by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules from 2015 to 2025 can be accessed online.[3]

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434). It is well-established that billing for administrative or clerical tasks is not permitted in the Vaccine Program. *See e.g.*, *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Hum. Servs.*, No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters v. Sec'y of Health & Hum. Servs.*, No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (failing to award fees for the review of CM/ECF

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

notifications and the organization of the file); *McCulloch*, 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992).

## IV. Interim Attorneys' Fees and Costs

### A. Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera*, 515 F.3d at 1352. The court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Hum. Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

#### 1. Hourly Rates

Petitioner requests the following hourly rates for the work of his counsel, Mr. Randall Knutson: $365 per hour for work performed from 2020 to 2024. *See* Int. Fee Bill with Expenses at 3–24. Petitioner also requested the following rates for work of his counsel's paralegals: $140 per hour for work performed from 2020 to 2024. *Id.* at 25–28.

The undersigned has reviewed the hourly rates requested by Petitioner for the work of his counsel throughout this case. The hourly rates requested for Mr. Knutson and his paralegals are consistent with what they have previously been awarded for Vaccine Program work, and the undersigned finds them to be reasonable for work performed in the instant case. *See, e.g. Boon v. Sec'y of Health & Hum. Servs.,* No. 19-788V, 2024 WL 3949024, at *3 (Fed. Cl. Spec. Mstr. Aug. 1, 2024*); Jacobs v. Sec'y of Health & Hum. Servs.,* No. 19-761V, 2023 WL 3059262 (Fed. Cl. Spec. Mstr. Apr. 24, 2023); *Stewart-Robinson v. Sec'y of Health & Hum. Servs.*, No. 22-477V, 2023 WL 1371124, at *3 (Fed. Cl. Spec. Mstr. Jan. 3, 2023); *Stephens v. Sec'y of Health & Hum. Servs.,* No. 18-23V, 2022 WL 16583901, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2022); *Goforth v. Sec'y of Health & Hum. Servs.,* No. 14-1128V, 2022 WL 17819155, *2 (Fed. Cl. Spec. Mstr. Nov. 8, 2022).

#### 2. Travel Time

Petitioner's counsel submitted a billing entry reflecting 11.5 hours of travel time to and from Petitioner's residence for the purpose of in-person meetings. *See* Int. Fee Bill with Expenses, at 2. This travel time was appropriately billed at a reduced rate of $182.50 per hour, representing one-half of counsel's standard hourly rate. Consistent with longstanding practice in the Vaccine Program, special masters have routinely awarded compensation for reasonable travel time, where no substantive legal work is performed, at one-half of the applicable hourly rate. *See Hocraffer v. Sec'y of Health & Hum. Servs.,* No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Hum. Servs.,* No. 06-559V, 2009 WL 2568468, at *21

(Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Hum. Servs.,* No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). Accordingly, the undersigned finds that the reduced hourly rate of $182.50 for travel time is reasonable and consistent with established practice in the Vaccine Program. Petitioner is entitled to $2,098.75 for travel time.

### 3. Reasonable Number of Hours

Upon review, I find the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, I do not find any of the billing entries to be unreasonable. *See* Int. Fee Bill with Expenses, at 3–28. Accordingly, Petitioner is entitled to interim attorneys' fees in the amount of $50,364.00.

### 4. Costs

Mr. Knutson requested $8,922.40 in Petitioners' interim costs. Pet'r's Mot. Int. Att'ys' Fees & Costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, hotel stay when visiting Petitioner, and work performed by medical experts, Dr. Staab and Dr. Tague. *See* Int. Fee Bill with Expenses, at 29–54. Petitioner has provided adequate documentation supporting all of his requested costs, and Respondent also has not identified any particular costs as objectionable. Petitioner is therefore awarded the full amount of costs sought.

## V. Final Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of her or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

### A. Hourly Rates

Petitioner again requests the following hourly rates for the work of his counsel, Mr. Randall Knutson: $365 per hour for work performed from 2024 to 2025. *See* Second Fee Bill with Expenses, at 1–7. Petitioner also requested the following rates for work of his counsel's paralegals: $140 per hour for work performed from 2024 to 2025. *Id.* at 8–9. Again, I find this hourly rate to be reasonable and will award the attorneys' fees requested.

### B. Reasonable Number of Hours

Upon review of the billing records, the undersigned finds the overall hours expended by counsel to be reasonable. However, a minor adjustment is warranted. Specifically, two billing entries were designated as "NO CHARGE," yet were inadvertently included in the total billed amount. *See* Second Fee Bill with Expenses, at 4, 6. While none of the billing entries appear to be excessive or unwarranted, an appropriate reduction is required to correct this clerical oversight.

5

Therefore, a deduction of $73.00 is applied to the requested attorneys' fees. In light of this adjustment, Petitioner is awarded final attorneys' fees in the amount of $12,058.50.

### C. Costs

Petitioner requests a total of $264.31 in attorneys' costs, which consist of process service fees and mailing costs. *See* Second Fee Bill with Expenses at 10. I find that the requested costs are reasonable and should be awarded in full.

## VI. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I award Petitioner **$52,462.75** in interim attorneys' fees, plus **$8,922.40** in interim costs as follows:

| Interim Attorneys' Fees Requested | $52,462.75 |
|---|---|
| (Reduction) | -$0 |
| **Interim Attorneys' Fees Awarded** | **$52,462.75** |
|  |  |
| Interim Costs Requested | $8,922.40 |
| (Reduction) | -$0 |
| **Interim Costs Awarded** | **$8,922.40** |
| **Total Amount Awarded** | **$61,385.15** |

Further, I award Petitioner **$12,058.50** in final attorneys' fees, plus **$264.31** in final costs as follows:

| Final Attorneys' Fees Requested | $12,131.50 |
|---|---|
| (Reduction) | -$73.00 |
| **Final Attorneys' Fees Awarded** | **$12,058.50** |
|  |  |
| Final Costs Requested | $264.31 |
| (Reduction) | -$0 |
| **Final Costs Awarded** | **$264.31** |
| **Total Amount Awarded** | **$12,322.81** |

Accordingly, Petitioner is awarded attorneys' fees and costs in the total amount of **$73,707.96** to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

6

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[4]

**IT IS SO ORDERED.**

s/Herbrina D.S. Young<br>
Herbrina D.S. Young<br>
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.